IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02090-WYD

MARK JORDAN,

     Applicant,

v.

R. WILEY, Warden,

     Respondent.

---

ORDER

---

     This matter is before me on Applicant's Motion to Alter or Amend Judgment, filed June 26, 2009 (Docket # 24).  On July 9, 2009, Respondent filed a response to the motion (Docket # 26), and on July 23, 2009, Applicant filed his reply in support of his motion (Docket # 27).

     I must construe the motion liberally because Mr. Jordan is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons set forth below, the motion will be denied.

I.  INTRODUCTION

     Applicant Mark Jordan is in the custody of the United States Bureau of Prisons ("BOP") at ADX Florence.  On October 20, 2006, Mr. Jordan filed a *pro se* Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a prison

1

disciplinary conviction for which he lost good-time credits (Doc. # 1).  On June 17, 2009, I denied the Application, and Mr. Jordan's case was dismissed with prejudice (Doc. # 22).

II. STANDARD OF REVIEW

Applicant brings his motion to alter or amend the judgment pursuant to Rule 59(e).  "'[R]egardless of how it is styled or construed . . . , a motion filed within ten days of the entry of judgment that questions the correctness of the judgment is properly treated as a Rule 59(e) motion."  *Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th Cir. 1997) (citations omitted).  "Furthermore, we have held that a motion will be considered under 59(e), 'when it involves reconsideration of matters properly encompassed in a decision on the merits.'"  *Id.* (quotation and internal quotation marks omitted); *see also Mantle Ranches, Inc. v. United States Park Service*, 950 F.Supp. 299. 300 (D. Colo. 1997) (finding that a Rule 59 motion to alter or amend judgment may properly be cast in the form of a motion for reconsideration).

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941 944 (10th Cir. 1995).  The Tenth Circuit has found that there are three major grounds which will justify reconsideration under Rule 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  "It is not appropriate to revisit issues already addressed or advance arguments that could have

2

been raised in prior briefing." *Id.; see also Mantle Ranches*, 950 F.Supp. at 300 (finding that "a motion for reconsideration is not a license for a losing party's attorney to get a 'second bit at the apple' and make legal arguments that could have been raised before").

III. ANALYSIS

The Application asserted three claims: (1) whether the prison regulation at issue was impermissibly vague; (2) whether the disciplinary proceedings violated Applicant's due process right; and (3) whether the disciplinary proceedings violated the APA.  In the instant motion, Applicant seeks only a reconsideration of my ruling on his third claim, arguing that I erred in evaluating this claim "exclusively through the lens of the APA's 'arbitrary and capricious' standard."  Motion at 1.  He asserts that I should have reviewed "the alleged violations of law under the habeas statute, [28 U.S.C] § 2241(c)(3), independent of the APA."  *Id.* at 3.  However, other than this general citation to the statute, he does not identify the proper standard under which he believes that this claim should have been examined, nor did he identify this standard in his Application.  *Id.* at 3 (emphasis in original).  Indeed, this identical argument was presented in the Application, but Applicant asserts that he believes it was "misconstrued, poorly articulated on the first go-round, or over-looked, . . . ."  *Id.*  In essence, Applicant argues that, in evaluating his APA claim, I erred by adopting the Fifth Circuit's "some evidence" rule to determine whether the prison officials were arbitrary and capricious in imposing disciplinary sanctions.  *Id.* at 3-7.

Here, Applicant fails to state or circumstantiate a claim for relief under Rule 59. Contrary to Applicant's belief that I overlooked his arguments relating to the standard of

review under the APA, in my order dismissing his Application, I addressed this claim, reviewed the applicable law, and adopted the "some evidence" standard as set forth by the Fifth Circuit in *Triplett v. Fed. Bureau of Prisons*, No. 08-cv-1252-K, 2009 WL 792799, at *9 (N.D. Tex. March 24, 2009) (unpublished decision).  Alternatively, I also noted that some courts have found that the APA is inapplicable to prison disciplinary proceedings.  *See, e.g., Clardy v. Levi*, 545 F.2d 1241, 1244-45 (9th Cir. 1976). Although Applicant states in his motion his disagreement with my legal conclusions, he does not demonstrate an intervening change in the law, the existence of new evidence, a mistake, or the need to correct clear error or prevent manifest injustice.  Instead, raising the same arguments previously asserted in the Application, Applicant continues to argue that the legal conclusions of this court are incorrect.  I disagree.  Indeed, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing," upon a motion for reconsideration and I will not do so here.  *Servants of the Paraclete*, 204 F.3d at 1012.  Therefore, the Applicant's motion to alter or amend must be denied.

Accordingly, it is

ORDERED that the motion is **DENIED**.  It is

FURTHER ORDERED that the clerk of the court shall supplement the preliminary record in this case by transmitting a copy of this Order, together with related docket entries, to the Tenth Circuit Court of Appeals.  *See* 10th Cir. R. 3.2(C).

Dated: August 25, 2009

                                         BY THE COURT:

                                         <u>s/ Wiley Y. Daniel</u>
                                         Wiley Y. Daniel
                                         Chief United States District Judge